UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GEORGE ADAM,

                     **Plaintiff,**

      **-against-**

THE METROPOLITAN TRANSPORTATION
AUTHORITY (MTA), THE MTA POLICE
DEPARTMENT, MTA POLICE OFFICERS'
ARNOLD E. PFEIFFER and RAYMOND T.
REICHEL, MTA DETECTIVES' HENERSHOT
and RUCANO, SGT. GIEL, LT. DEVILN and
JOHN AND JANE DOES 1-2,

                     **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Index No.:  CV-07-8807
(JGK)

**ANSWER TO**
**COMPLAINT**

**Defendants Demand**
**Trial By Jury**

S I R S :

      Defendants, THE METROPOLITAN TRANSPORTATION AUTHORITY (MTA), THE

MTA POLICE DEPARTMENT, MTA POLICE OFFICERS' ARNOLD E. PFEIFFER and

RAYMOND T. REICHEL, MTA DETECTIVES' HENERSHOT and RUCANO, SGT. GIEL, LT.

DEVILN and JOHN AND JANE DOES 1-2, by their attorneys, BEE READY FISHBEIN HATTER

& DONOVAN, LLP, as and for their Answer to Plaintiff's Complaint, sets forth as follows:

<u>PARTIES</u>

      1.     Denies any knowledge or information sufficient to form a belief as to each and every

allegation contained in Paragraph "1" of the Complaint.

      2.     Paragraph "2" of Plaintiff's Complaint contains conclusions of law, which are

respectfully referred to the within Court, and to which no response is required.  To the extent that

Paragraph "2" of Plaintiff's Complaint contains allegations of fact, Defendants deny any knowledge

or information sufficient to form a belief as to each and every allegation of Paragraph "2" of

Plaintiff's Complaint, except admit that Defendants, POLICE OFFICERS ARNOLD E. PFEIFFER (hereinafter PFEIFFER) and RAYMOND T. REICHEL (hereinafter REICHEL), were police officers employed by the MTA Police Department to perform duties therein. PFEIFFER and REICHEL were acting in such capacity as an agent, servant and employee of the Defendant, MTA.

3.    Paragraph "3" of Plaintiff's Complaint contains conclusions of law, which are respectfully referred to the within Court, and to which no response is required. To the extent that Paragraph "3" of Plaintiff's Complaint contains allegations of fact, Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation of Paragraph "3" of Plaintiff's Complaint, except admit that Defendants, DETECTIVES HENERSHOT and RUCANO, SGT. GIEL and LT. DEVILN, were police officers employed by the MTA Police Department to perform duties therein. DETECTIVES HENERSHOT and RUCANO, SGT. GIEL and LT. DEVILN were acting in such capacity as an agent, servant and employee of the Defendant, MTA.

4.    Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "4" of the Complaint, except admit that the Defendant, METROPOLITAN TRANSPORTATION AUTHORITY (hereinafter MTA) is a public benefit corporation within the State of New York and that the Defendant, MTA POLICE DEPARTMENT is a department within the MTA which, at all relevant times, employed Defendants, MTA POLICE OFFICERS PFEIFFER and REICHEL, MTA DETECTIVES HENERSHOT and RUCANO, SGT. GIEL and LT. DEVILN.

## FACTUAL ALLEGATIONS

5.    Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs "5", "6", "7", "8", "9", "11", "14", "15", "16", "17", "18", "29",

"31" and "37", of the Complaint.

6.      Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "10" of the Complaint, except deny that there was no indication that a physical altercation took place.

7.      Denies each and every allegation contained in Paragraphs "12", "13", "25", "28", "34", "36" and "38" of the Complaint.

8.      Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "19" of the Complaint, except admit that MTA police arrived.

9.      Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "20" of the Complaint, except admit that MTA officers spoke with Atanasio and ADAM.

10.     Denies upon information and belief each and every allegation contained in Paragraph "21" of the Complaint, except admit that ADAM was arrested and charged by means of a felony complaint with the following crime:  1.  Assault 2nd Degree (D Felony).

11.     Paragraph "22" of Plaintiff's Complaint contains conclusions of law which are respectfully referred to the within Court, and to which no response is required.

12.     Paragraph "23" of Plaintiff's Complaint is quoted from a document for which Defendants respectfully refer this Honorable Court to the contents of the said document and all statements contained therein.

13.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "24" of the Complaint, except admit that Defendant PFEIFFER signed the Felony Complaint which was sworn to by his commanding Officer, Defendant, SGT.

GEIL.

14.    Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "26" of the Complaint, except admit that ADAM was arrested.

15.    Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "27" of the Complaint, and demands a more specific allegation.

16.    Denies upon information and belief each and every allegation contained in Paragraph "30" of the Verified Complaint.

17.    Denies each and every allegation contained in Paragraph "35" of the Complaint, except admit ADAM was arrested and charged with a felony complaint alleging a violation of an Order of Protection.

## FEDERAL CAUSES OF ACTION

18.    Answering Paragraph "39" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

19.    Denies each and every allegation contained in Paragraph "40" of the Complaint.

### Count 1 - 42 U.S.C. § 1983 - False Imprisonment

20.    Denies each and every allegation contained in Count 1 of the Complaint.

### Count 2 - 42 U.S.C. § 1983 - False Arrest

21.    Denies each and every allegation contained in Count 2 of the Complaint.

### Count 3 - 42 U.S.C. § 1983 - Malicious Prosecution

22.    Denies each and every allegation contained in Count 3 of the Complaint.

## PENDENT CAUSES OF ACTION

23.     Answering Paragraph "41" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

24.     Denies upon information and belief each and every allegation contained in Paragraph "42" of the Complaint, except admit that on or about the 2nd day of May, 2007, the Plaintiff caused a document purported to be a written verified Notice of Claim to be filed with and served upon the MTA.

25.     Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "43" of the Complaint

26.     Denies each and every allegation contained in Paragraph "44" of the Complaint.

### Count 4

### PENDANT CLAIM OF FALSE ARREST

27.     Denies each and every allegation contained in Count 4 of the Complaint.

### Count 5

### PENDANT CLAIM OF FALSE IMPRISONMENT

28.     Denies each and every allegation contained in Count 5 of the Complaint.

### Count 6

### PENDANT CLAIM OF FALSE PROSECUTION

29.     Denies each and every allegation contained in Count 6 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

30.     Plaintiff failed to timely serve a Notice of Claim upon Defendants, as required by

Public Authorities Law §1276. Therefore, this action and all state law causes of action may not be maintained against Defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

31.    Whatever injuries and/or damages plaintiff(s) may have sustained at the time and place alleged in the Complaint, were caused in whole or in part or were contributed to by the it culpable conduct and negligence and/or fault and/or want of care and/or intentional conduct on the part of the plaintiff, including contributory negligence, and without any negligence or fault or want of care on the part of these answering Defendants and that the amount of damages which may be recovered by the Plaintiff shall be diminished in proportion to which his culpable conduct caused said damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32.    Defendant MTA is not subject to an award of exemplary or punitive damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

33.    Defendants acted in good faith and with probable cause and justification in the detention, and imprisonment of the Plaintiff and therefore no claim lies against them in the conduct of their duties.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

34.    That Defendants enjoy a qualified immunity with respect to those acts that are performed pursuant to their duties and responsibilities as police officers in the State of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

35.    Pursuant to the laws of the State of New York, including the Criminal Procedure Law of the State of New York, § 140.05 et. seq., MTA police officers acted reasonably, properly and

under the law in the alleged stop, detention and arrest of the Plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

36.    That the actions of the MTA police officers were justified; and that the use of any force, which is denied by the Defendant, was justified, necessary and reasonable under the law of the State of New York and the circumstances of the arrest and detention.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

37.    That the arrest and detention of the Plaintiff was justified under the Penal Law and Criminal Procedure Law of the State of New York in that the arresting officer had reasonable probable cause for believing that crimes had been committed and that the Plaintiff had committed said crimes.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

38.    That notwithstanding any favorable termination fo the criminal proceeding, in any, the Plaintiff was in fact guilty of the offense with which he was charged.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

39.    Under the Court's supplemental jurisdiction pursuant to the law of the State of New York, Plaintiff has failed to state a claim for deprivation of federal rights, malicious prosecution, abuse of process, and excessive force, in whole or in part, upon which relief may be granted.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

40.    That the MTA is not liable for any alleged violations of the Plaintiff's Federal Constitutional rights for the alleged actions of its employees were not the custom, practice, police or procedure of the MTA, and as such the MTA is entitled to dismissal of the Plaintiff's Complaint pursuant to the authority of *Monell v. Department of Social Services of the City of New York*, 436

U.S. 658 (1978).

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

41.     That these answering defendants acting under the scope, authority and protection of the General Business Law, Article 12(b), Section 218, and that by reason thereof, the Plaintiff may not maintain this action.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

42.     Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the Plaintiff for medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in section 4545(c) of the CPLR.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

43.     If any damages are recoverable against the answering Defendants, the amount of such damages shall be diminished by the amount of the funds which Plaintiff has received or shall receive from such collateral source.

## AS AND FOR A FIFTHTEENTH AFFIRMATIVE DEFENSE

44.     Any injuries suffered by Plaintiff were not caused by a negligent or wrongful act or omission of Defendants or any individual acting under their direction or control.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

45.     Plaintiff's Complaint must be dismissed, in whole or in part, for failure to state a cause of action upon which relief may be granted.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

46.     Plaintiff's false arrest, false imprisonment, assault and battery claims must be

dismissed because they are barred by the applicable Statute of Limitations.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

47.    Plaintiff's claims against all Defendants are frivolous.

### AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

48.    Plaintiff's 42 U.S.C. § 1983 claims fail to state a cause of action and are frivolous.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

49.    Plaintiff's claims are barred on the ground that Plaintiff's conduct violated applicable state criminal laws.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

50.    Any criminal proceeding against Plaintiff commenced or participated in by Defendants was based upon probable cause and was not due to malice.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

51.    At all times, an objective officer of reasonable competence would have had probable cause to believe a crime had been committed or that he was otherwise justified in searching and detaining Plaintiff.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

52.    If Defendants are held liable in this action, then any possible damages award should be apportioned so that Defendants are not responsible for the wrongdoing of the non-parties that Plaintiff has failed to include in this action.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

53.    Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

54.    Upon information and belief, in the event Plaintiff recovers at time of trial against Defendants, such recovery for non-economic loss shall not exceed Defendants' equitable share determined in accordance with the relative culpability of each person, party and/or entity, which caused or contributed to the total liability for non-economic loss; provided that the liability of the Defendants are found to be fifty percent or less of the total liability of all persons, parties and/or entitles liable.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

55.    Upon information and belief, that the injury or injuries, if any, sustained by the Plaintiff at the time and place, or on the occasion referred to in the Plaintiff's Complaint, were sustained or so suffered or caused, in whole or in part, by the negligent act or acts and/or assumption of risk of the Plaintiff, and the damages recoverable by Plaintiff, if any, shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

56.    Upon information and belief, these answering Defendants are free from any negligence and in no way contributed to the occurrence and injuries referred to in the Plaintiff's Complaint.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

57.    That answering Defendants are entitled to qualified immunity as to any actions alleged since their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware based upon an objective reasonable assessment

of the conduct measured in reference to clearly established law.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

58.     That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

59.     Upon information and belief, this Court lacks jurisdiction over the subject matter of this cause of action.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

60.     Upon information and belief, this Court lacks jurisdiction over these answering Defendants based upon the allegations in the Complaint.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

61.     That the MTA Police Department is not an entity susceptible to suite.  See, e.g., *Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (EDNY 1992).

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

62.     That the answering Defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

63.     That the answering Defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

64.     That the answering Defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

65.    That in performing such duties and responsibilities, the answering Defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

WHEREFORE, Defendants, THE METROPOLITAN TRANSPORTATION AUTHORITY (MTA), THE MTA POLICE DEPARTMENT, MTA POLICE OFFICERS' ARNOLD E. PFEIFFER and RAYMOND T. REICHEL, MTA DETECTIVES' HENERSHOT and RUCANO, SGT. GIEL, LT. DEVILN and JOHN AND JANE DOES 1-2, demand judgment dismissing the Complaint against it, together with costs and disbursements, and for such other relief as the Court may deem just and proper.

Dated: Mineola, New York
        December 17, 2007

Yours, etc.,

BEE READY FISHBEIN HATTER & DONOVAN, LLP

By: _____
    Joshua M. Jemal (0402)
    *Attorneys for Defendants*
    170 Old Country Road
    Mineola, New York  11501
    (516) 746-5599
    **File No.: 6178-0701**

TO:    **GRANDINETTE & SERIO, LLP**
       *Attorneys for Plaintiff*
       114 Old Country Road
       Mineola, NY  11501
       By:    Anthony M. Grandinette (5913)
       (516) 248-5317

-12-