UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X

GEORGE ADAM,

                **Plaintiff,**

        -against-

THE METROPOLITAN TRANSPORTATION
AUTHORITY (MTA), THE MTA POLICE
DEPARTMENT, MTA POLICE OFFICERS'
ARNOLD E. PFEIFFER and RAYMOND T.
REICHEL, MTA DETECTIVES' HENERSHOT
and RUCANO, SGT. GIEL, LT. DEVILN and
JOHN AND JANE DOES 1-2,

                **Defendants.**

-----------------------------------------------X

Index No.: CV-07-8807 (JGK)

**DEFENDANTS' FIRST DEMAND FOR VERIFIED WRITTEN INTERROGATORIES DIRECTED TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, GEORGE ADAM is hereby requested to answer, under oath, these interrogatories, within (30) days from the date of service. These interrogatories shall be deemed continuing so as to require supplemental answers if you obtain further information between the time your answer is served and the time of trial.

SCOPE: It is intended by these interrogatories to elicit information not merely within your own personal knowledge, but obtainable by you, including information in possession of anyone acting on your behalf, such as your attorney, investigators, and their representatives. Whenever the term incident' is used, it refers to the incident referred to in your lawsuit, unless the sense appears to be to the contrary.

If you cannot answer the following interrogatories in full, after exercising due diligence to

secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portions.

1. State your full name, other names by which you have been known, date of birth, present address, other addresses where you have resided within the past ten years, business address, occupation and social security number.

2. State the name(s), age(s) and address(es) of all witness(es) to the incident and claims set forth in the Complaint and indicate each witness from whom a written or recorded statement has been obtained by you, your agent or your attorney.

3. State the name and address of each individual the Plaintiff, GEORGE ADAM expects to call as an expert witness and state for each the subject matter on which the expert is expected to testify; the substance of the facts and opinions the expert is expected to testify to and a summary of the grounds for each opinion.

4. State whether you claim to have sustained any injury, and if so, list the name and address of each hospital, clinic, physician, psychologist and/or therapist that provided care, treatment and/or diagnosis of the injuries and/or conditions alleged in the Complaint, giving the dates of treatment.

5. If you claim any permanent disability resulting from the incident referenced to in the Complaint, state the nature of the disability, the extent to which it restricts your activities, and the name of any medical provider who has stated that you have a permanent disability.

6. State whether you have ever previously made claim or pursued litigation for any of the conditions described in paragraphs "4" and "5" above, and if so, provide the date of the prior occurrence, a description of the prior occurrence, the nature and description of the prior claim and/or

litigation and the disposition and/or status of the prior claim and/or litigation.

7. List each item and the amount of all categories of claimed damages, loss and expense which you claim resulted from the alleged incident, including but not limited to hospital and medical expenses, lost earnings, household and other help at home and in business, property damage, and legal fees, and state the name and address of the organization or person to whom each item or expense was paid or is payable.

8. If you were employed or self-employed at the time of the incident set forth in your Complaint, please provide the nature of your employment; the name and address of your employer; your average weekly or monthly earnings at the time of the incident set forth in your Complaint; the period of time including relevant dates, during which you allege you were prevented from carrying on your usual occupation and the actual total loss, in dollars, of earnings as a result of the incident set forth in your Complaint.

9. State whether any photographs or videotapes were taken of the scene of the occurrence, the injuries, or any other matter described in your Complaint, and the date it was taken.

10. State both the legal and factual basis upon which you will rely to overcome the defense of qualified immunity, specifying whether and how it will be claimed that an individual defendant's conduct was objectively unreasonable and/or violated clearly established rights and/or whether and how such conduct operated to damage the Plaintiff, GEORGE ADAM.

11. State whether a claim of excessive and/or unreasonable force is made, and if so, give a detailed description of the events and circumstances surrounding your claim that the defendant(s) used excessive and/or unreasonable force, specifying the precise location of the events referenced in your Complaint; the name of every police officer who you alleged used said unreasonable force, and a description of the force used against you; the name of every police officer who you claim has

knowledge of the incident; everything you heard such police officers say during the incident, the identity of each officer making the statement, and everything you said to each police officer and physical force you used against each police officer and his identity.

12. State the nature and disposition of all criminal charges brought against you as a result of the incident in your Complaint, specifying the date a disposition was made for each charge, the name of the judge and/or prosecuting attorney who requested, entered or consented to each disposition and the docket number of the disposition proceeding.

13. State whether there were any other criminal charges pending against you at the time of the incident described in your Complaint, and for each such charge, state the nature and disposition, the date a disposition was made for each charge, the name of the judge and/or prosecuting attorney who requested, entered or consented to each disposition and the docket number of the disposition proceeding.

14. Give a detailed description of the basis for your claim that the incident described in your Complaint occurred in whole or in part as a result of an express or implied official policy, practice or custom, the identity of any document establishing or supporting such claim, and a description of all and each prior or concurrent incidents, occurrences, or determinations which will be claimed to prove that such policy, practice or custom exists or existed.

15. Without reiterating the allegations of the Complaint, state the factual and legal basis for the purported Fourth Amendment claim, specifying whether it relates to Plaintiff, GEORGE ADAM's arrest and/or prosecution and whether it relates to a purported search of the vehicle involved in this incident, and if so, the details of the search identifying the party responsible, the source and basis of Plaintiff, GEORGE ADAM's claim to a legally protected Fourth Amendment claim to a legally protected Fourth Amendment interest in the vehicle and how it will be claimed that

Plaintiff, GEORGE ADAM sustained any damage and/or how said interest was impaired.

Dated: Mineola, New York
       December 17, 2007

                        Yours, etc.,

                        **BEE READY FISHBEIN HATTER & DONOVAN, LLP**

By: _____
                        Joshua M. Jemal (0402)
                        *Attorneys for Defendants*
                        170 Old Country Road
                        Mineola, New York  11501
                        (516) 746-5599
                        **File No.: 6178-0701**

TO:   **GRANDINETTE & SERIO, LLP**
       *Attorneys for Plaintiff*
       114 Old Country Road
       Mineola, NY  11501
       By:    Anthony M. Grandinette (5913)
       (516) 248-5317